UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN M. STINE, | No. CV 09-06434-JFW (VBK) |
|         Petitioner, | ORDER TO SHOW CAUSE |
|   v. | |
| A. HEDGEPATH, | |
|         Respondent. | |

     On September 3, 2009, John M. Stine (hereinafter referred to "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 ("Petition") in the United States District Court for the Central District of California. The Petition is directed to a conviction for second degree murder sustained in the Santa Barbara County Superior Court on March 22, 1998. Petitioner pled <u>nolo</u> <u>contendere</u> and was sentenced to 15 years to life. (<u>See</u> Petition at 2.)

     Upon initial review, the Court notes that Petitioner has failed to sign and date his Petition under penalty of perjury. Pursuant to Rule 2(c)(5) of the Rules Governing §2254 Cases, a petition must be signed under penalty of perjury by the Petitioner or a person

authorized to sign it for the Petitioner under 28 U.S.C. §2242. Mr. Demetrieus Ahmed Wright is not the appropriate person with authority to sign on Petitioner's behalf as he is not an attorney.

Additionally, it appears that the Petition is time-barred. Since the Petition was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, the Court's consideration of the Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by the AEDPA.  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998).[1]  That section provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)(en banc), cert. denied, 119 S. Ct. 1377 (1999).

2

the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Under 2244(d)(1)(A), the statute begins to run at the completion of direct review in the state courts. On March 22, 1998, Petitioner was convicted. Petitioner did not file a direct appeal in the California Court of Appeal or a Petition for Review in the California Supreme Court. (See Petition at 2.) Thus, Petitioner's conviction became final 60 days thereafter on May 21, 1998. Petitioner had until May 21, 1999, in which to timely file a federal habeas petition. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Here, Petitioner filed his Petition on September 3, 2009. The Petition was filed approximately 12 years after the statute of limitations expired and is facially untimely, absent any statutory or equitable tolling.

The running of the AEDPA's one-year time limitation is tolled for the time period during which a properly filed application for post-conviction or other state collateral review is pending in state court. See 28 U.S.C. §2244(d)(2); Evans v. Chavis, 546 U.S. 189, 193-194, 126 S.Ct. 846 (2006); Duncan v. Walker, 531 U.S. 991, 121 S. Ct. 2120

1  (2001)(The statutory term "other collateral review" refers to other
2  state collateral review).  The statute is tolled from "the time the
3  first state habeas was filed until the California Supreme Court
4  rejects the petitioner's final collateral challenge." <u>Nino v. Galaza</u>,
5  183 F.3d 1003, 1006 (9th Cir.), <u>cert. denied</u>, 529 U.S. (2000).

6  Statutory tolling under AEDPA may include the time between
7  properly filed state petitions, so long as the prisoner is attempting,
8  "through proper use of state court procedures," to exhaust his state
9  court remedies.  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999);
10 <u>accord</u>, <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S.Ct. 2134, 2138 (2002).
11 Such "gap tolling," however, is available only insofar as a petitioner
12 is pursuing "one complete round of the state's established appellate
13 review process."  <u>Nino</u>, 183 F.3d at 1005; <u>see also</u> <u>Saffold</u>, 122 S.Ct.
14 at 2138; <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001).

15 Here, it appears from the face of the Petition that Petitioner's
16 collateral challenges were filed too late.[2]  <u>See</u> <u>Ferguson v. Palmateer</u>,
17 321 F.3d 820, 823 (9th Cir.)(holding that §2244(d) "does not permit the
18 reinitiation of  a limitations period that has ended before the state
19 petition was filed," even if the state petition was timely filed),
20 <u>cert. denied</u>, 540 U.S. 924 (2003); <u>Jimenez v. Rice</u>, 276 F.3d 478, 482
21 (9th Cir. 2001); <u>Wixom v. Washington</u>, 264 F.3d 894, 898-99 (9th Cir.
22 2001), <u>cert. denied</u>, 534 U.S. 1143 (2002).

23 The Ninth Circuit has held that the District Court has the

---

[2] The Court notes on pages 3 and 4 of the Petition that Petitioner filed a habeas petition in the Santa Barbara County Superior Court which was denied on March 2, 2009. Petitioner filed habeas petitions in the California Court of Appeal and California Supreme Court which were denied on April 14, 2009 and May, 2009, respectively. These petitions were filed approximately 12 years after the one-year statute of limitations expired.

authority to raise the statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of the petition, and to summarily dismiss the petition pursuant to Rule 4 of the Rules Governing §2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198, 126 S.Ct. 1675 (2006); <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**IT IS THEREFORE ORDERED** that on or before October 15, 2009, Petitioner show cause in writing, if any, why the Court should not recommend that the Petition be dismissed on the grounds of untimeliness.

DATED:  September 14, 2009                    /s/
                                       VICTOR B. KENTON
                                       UNITED STATES MAGISTRATE JUDGE