UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN M. STINE, | No. CV 09-06434-JFW (VBK) |
|       Petitioner, | MEMORANDUM AND ORDER DISMISSING HABEAS PETITION AS TIME-BARRED |
|     v. | |
| A. HEDGEPATH, | |
|       Respondent. | |

**BACKGROUND**

On September 3, 2009, John M. Stine (hereinafter referred to "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 ("Petition") in the United States District Court for the Central District of California. The Petition is directed to a conviction for second degree murder sustained in the Santa Barbara County Superior Court on March 22, 1988. Petitioner pled <u>nolo contendere</u> and was sentenced to 15 years to life. (<u>See</u> Petition at 2.)

Petitioner did not file a direct appeal of his conviction in the California Court of Appeal or a Petition for Review in the California Supreme Court. (<u>See</u> Petition at 2.) Petitioner filed a habeas

petition in the Santa Barbara County Superior Court, which was denied on March 2, 2009. Petitioner filed habeas petitions in the California Court of Appeal and California Supreme Court, which were denied on April 14, 2009 and September 30, 2009, respectively.[1] (See Petition at 3-4.)

Pursuant to the Court's duty to screen §2254 petitions, the Magistrate Judge found the Petition and relevant state court records plainly disclosed this action was barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on September 14, 2009, the Magistrate Judge issued an Order to Show Cause and notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. §2244(d)(1)(B)-(D). (See September 14, 2009 Order to Show Cause re Dismissal of Habeas Petition as Time-Barred ["OSC"], Docket No. 3.) The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action was not time-barred by filing a written response no later than October 15, 2009.[2] (OSC at 2-5.) The OSC warned Petitioner that his failure to file a timely response to the OSC would result in a waiver of his right to respond to the OSC and that his Petition would be dismissed

---

[1] The Court takes judicial notice of Petitioner's records in the State Appellate Courts which are available on the Internet at http://appellatecases.court.info.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002)(federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] The Court also noted that Petitioner failed to sign and date his Petition under penalty of perjury. Pursuant to Rule 2(c)(5) of the Rules Governing §2254 Cases, a petition must be signed under penalty of perjury by the Petitioner or a person authorized to sign it for the Petitioner under 28 U.S.C. §2242.

with prejudice as time-barred without further notice. (OSC at 5.) Petitioner failed to file a response to the OSC. The matter now stands submitted.

**DISCUSSION**

**A.  Standard of Review**.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."  C.D. Cal. R. 72-3.2.  Further, an untimely habeas petition may be dismissed sua sponte; however, the District Court must give the petitioner adequate notice and an opportunity to respond before doing so.  Day v. McDonough, 547 U.S. 198, 209-10, 126 S.Ct. 1675 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Here, the OSC constitutes adequate notice.

**B.  Statute of Limitations**.

Since the Petition was filed after the President signed into law the AEDPA on April 24, 1996, the Court's consideration of the Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by

3

the AEDPA.  See <u>Calderon v. United States District Court for the Central District of California (Beeler)</u>, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 and 523 U.S. 1061 (1998).[3]  That section provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to

---

[3] <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998)(en banc), <u>cert. denied</u>, 119 S. Ct. 1377 (1999).

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Under 2244(d)(1)(A), the statute begins to run at the completion of direct review in the state courts. On March 22, 1988, Petitioner was convicted. Petitioner did not file a direct appeal in the California Court of Appeal or a Petition for Review in the California Supreme Court. (See Petition at 2.) For prisoners whose convictions became final prior to AEDPA's effective date, April 24, 1996, a one-year grace period applies, which expired on April 24, 1997. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Here, Petitioner filed his Petition on September 3, 2009. The Petition was filed approximately 12 years after the statute of limitations expired and is facially untimely, absent any statutory or equitable tolling.

**C.  Statutory Tolling**.

The running of the AEDPA's one-year time limitation is tolled for the time period during which a properly filed application for post-conviction or other state collateral review is pending in state court. See 28 U.S.C. §2244(d)(2); Evans v. Chavis, 546 U.S. 189, 193-194, 126 S.Ct. 846 (2006); Duncan v. Walker, 531 U.S. 991, 121 S. Ct. 2120 (2001)(The statutory term "other collateral review" refers to other state collateral review). The statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. 1104 (2000).

Statutory tolling under AEDPA may include the time between

properly filed state petitions, so long as the prisoner is attempting, "through proper use of state court procedures," to exhaust his state court remedies. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); accord, Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 2138 (2002). Such "gap tolling," however, is available only insofar as a petitioner is pursuing "one complete round of the state's established appellate review process." Nino, 183 F.3d at 1005; see also Saffold, 122 S.Ct. at 2138; Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).

Here, it appears from the face of the Petition that Petitioner's collateral challenges were filed too late.[4] See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)(holding that §2244(d) "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002). Absent equitable tolling, the within Petition is untimely.

**D.   Petitioner Is Not Entitled To Relief Based On Equitable Tolling.**

The AEDPA's one-year statute of limitations is subject to equitable tolling but only if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[4] The Court notes on pages 3 and 4 of the Petition that Petitioner filed a habeas petition in the Santa Barbara County Superior Court which was denied on March 2, 2009. Petitioner filed habeas petitions in the California Court of Appeal and California Supreme Court which were denied on April 14, 2009 and September 30, 2009, respectively. These petitions were filed approximately 12 years after the one-year statute of limitations expired.

circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007)(quoting Pace v. Diquglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)). See also Irvin v. Department of Veteran Affairs, 498 U.S. 89, 96, 111 S.Ct. 453 (1990). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and the "threshold necessary to trigger equitable tolling is very high lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Brambles v. Duncan, 330 F.3d 1197, 1201 (9th Cir. 2003); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). See Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000)(holding that incompetence of an inmate law clerk did not create "extraordinary circumstances" warranting equitable tolling).

Additionally, it is firmly established that ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150,1154 (9th Cir. 2006)("[A] pro se petitioner's lack of legal sophistication is not by itself, an extraordinary circumstance warranting equitable tolling.").

In light of the above, the Court finds Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the requirements set forth in Pace. Petitioner has failed to meet his burden of showing he was reasonably diligent in pursuing federal

7

habeas relief throughout the time that AEDPA's limitation period was running; nor has he shown that he was prevented from filing a timely petition because of extraordinary circumstances.  Thus, the within Petition is untimely.

## ORDER

For the reasons stated above and in the Court's OSC, the Court finds that the Petition must be dismissed because the claims are time-barred.  Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred.

Accordingly, **IT IS HEREBY ORDERED** that the Petition is dismissed with prejudice.  The Clerk is **DIRECTED** to enter Judgment dismissing the action with prejudice.

DATED: 11/19/09

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented this 18th day of November, 2009 by:

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE